```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
APPLIED BOLTING TECHNOLOGY PRODUCTS,                               :
LLC,                                                               :
                                                                   :      22-CV-10506 (JMF)
                              Plaintiff,                           :
                                                                   :             ORDER
            -v-                                                    :
                                                                   :
TURNASURE LLC,                                                     :
                                                                   :
                              Defendant.                           :
                                                                   :
-------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      As discussed during the conference held on January 13, 2023, the parties' proposed preliminary injunction schedule, attached, is ADOPTED. Additionally, the following dates and deadlines shall also govern the conduct of pre-hearing proceedings in this case:

1. The parties are directed to send a joint letter to the Court no later than the close of business on **May 1, 2023**, informing the Court of the status of settlement negotiations and whether the parties request a referral to Magistrate Judge Figueredo or the Court-annexed mediation program for settlement purposes.

2. In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party shall, in accordance with the Court's Individual Rules and Practices in Civil Cases, promptly file a letter-motion, no longer than three pages, explaining the nature of the dispute and requesting an informal conference. Any letter-motion seeking relief must include a representation that the meet-and-confer process occurred and was unsuccessful. Any opposition to a letter-motion seeking relief shall be filed as a letter, not to exceed three pages, within three business days. Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone. Counsel should seek relief in accordance with these procedures in a timely fashion; if a party waits until near the close of discovery to raise an issue that could have been raised earlier, the party is unlikely to be granted the relief that it seeks, let alone more time for discovery.

3. On **May 16, 2023**, by **noon**, the parties shall file a Joint Pre-Hearing Order, including any and all information relevant to the hearing referenced in the Court's Individual Rules and Practices in Civil Cases (available at http://nysd.uscourts.gov/judge/Furman) with respect

to Joint Pre-Hearing Orders.

4. At the same time, the parties shall serve, *but not file*, affidavits constituting the direct testimony of each trial witness, except for the direct testimony of an adverse party, a person whose attendance is compelled by subpoena, or a person for whom the Court has agreed to hear direct testimony live at the hearing.  Witness affidavits are subject to the same rules and restrictions as would apply in the case of live testimony (i.e., they are a direct substitute for the live direct testimony), so the parties should be diligent in complying with all applicable Rules of Evidence, including but not limited to the rules regarding hearsay, personal knowledge, and proper foundation (e.g., as to any evidence offered in connection with the witness's direct testimony).  Additionally, Rule 615 of the Federal Rules of Evidence applies to the witness affidavits just as it would if the witnesses were providing live testimony in open court.  That is, fact witnesses may not read any affidavit of another witness (unless and until the Court grants leave to do otherwise in accordance with Rule 615).  It is counsel's obligation to ensure that witnesses are aware of, and comply with, that rule.

5. At the same time, the parties shall also serve, *but not file*, all deposition excerpts that will be offered as substantive evidence, as well as a one-page synopsis (with transcript citations) of those excerpts for each deposition.

6. At the same time, the parties shall provide the Court with an electronic copy of each exhibit sought to be admitted (with each filename corresponding to the relevant exhibit number — e.g., "PX-1," "DX-1," etc.).  If the files are too large for submission by email, the parties shall use the Court's file transfer protocol in accordance with Paragraph 1(C) of the Court's Individual Rules and Practices in Civil Cases.  The parties shall also provide, by e-mail to the Court (Furman_NYSDChambers@nysd.uscourts.gov), a Microsoft Word document listing all exhibits sought to be admitted.  The list shall contain four columns labeled as follows: (1) "Exhibit Number"; (2) "Description" (of the exhibit); (3) "Date Identified"; and (4) "Date Admitted."  The parties shall complete the first two columns, but leave the third and fourth columns blank, to be filled in by the Court during the hearing.

7. Three business days after submission of the affidavits discussed above, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at the hearing.  Only those witnesses who will be cross-examined need to appear at the hearing.  The original signed affidavits should be brought to the hearing to be marked as exhibits.

8. On **May 24, 2023**, by **noon**, the parties shall each file Proposed Findings of Fact.  (There is no need for Conclusions of Law given the parties' memoranda of law.)  As there may be no opportunity for post-hearing submissions, the Proposed Findings of Fact (and the memoranda of law) should be detailed and should include citations to the proffered and anticipated hearing testimony and exhibits.

9. The final prehearing conference is scheduled for **May 25, 2023**, at **10:00 a.m.** in **Courtroom 1105** of the **Thurgood Marshall United States Courthouse, 40 Centre Street, New York, NY**.

10. The preliminary injunction hearing will begin on **May 30, 2023**, at **9:00 a.m.** in the same courtroom.  Unless and until the Court orders otherwise, the hearing will be conducted from 9 a.m. to 5 p.m. until it is completed.

11. It is further ORDERED that the following procedures shall govern the conduct of the hearing:

    a.  All exhibits must be pre-marked.

    b.  Counsel should make certain that they retain custody of all original exhibits, including the affidavits composing the direct testimony.  The Court does not retain them and the Clerk is not responsible for them.

The Clerk of Court is directed to terminate ECF No. 30.

SO ORDERED.

Dated: January 17, 2023
New York, New York

_____
JESSE M. FURMAN
United States District Judge

### [PROPOSED]
### SCHEDULING ORDER ON PLAINTIFF'S PRELIMINARY-INJUNCTION MOTION

| Event | Current Deadline | Proposed Deadline | Limitation(s) |
|---|---|---|---|
| Initial Disclosures | n/a | January 11, 2023 | n/a |
| Document Requests | n/a | January 13, 2023 | No more than 10 |
| Interrogatories | n/a | January 13, 2023 | No more than 10 |
| Responses and Objections to Document Requests | n/a | January 23, 2023 | n/a |
| Document Production | n/a | February 6, 2023 | n/a |
| Verified Responses and Objections to Interrogatories | n/a | February 6, 2023 | n/a |
| Requests for Admission | n/a | February 13, 2023 | No more than 25 |
| Depositions | n/a | n/a | Each party may take no more than three total depositions<br><br>Each party may notice no more than 10 FED. R. CIV. P. 30(b)(6) topics |
| Meet-and-Confer re Witnesses' Availability for Defendant's Depositions of Plaintiff | n/a | February 13, 2023 | n/a |
| Notices/Subpoenas of Defendant's Depositions of Plaintiff's Witnesses | n/a | February 17, 2023 | n/a |
| Responses and Objections to Requests for Admission | n/a | February 27, 2023 | n/a |
| Completion of Defendant's Depositions of Plaintiff's Witnesses | | March 6, 2023 | |
| Defendant's Opposition to Plaintiff's Preliminary-Injunction Motion | December 28, 2022/January 13, 2023 | March 27, 2023 | n/a |
| Meet-and-Confer re Witnesses' Availability for Plaintiff's | n/a | April 3, 2023 | n/a |

| | | | |
|---|---|---|---|
| Depositions of Defendant | | | |
| Notices/Subpoenas of Plaintiff's Depositions of Defendant's Witnesses | n/a | April 7, 2023 | n/a |
| Completion of Plaintiff's Depositions of Defendant's Witnesses | | April 26, 2023 | |
| Plaintiff's Reply in Further Support of its Preliminary-Injunction Motion | n/a | May 17, 2023 | n/a |
| Evidentiary Hearing on Plaintiff's Preliminary-Injunction Motion | n/a | ~~May 31, 2023 – June 2, 2023~~ * | n/a |

As indicated during the January 4, 2023 hearing in this matter (Dkt. 18), the parties need leave of Court to change the following deadlines in the Schedule above: (i) the March 6, 2023 deadline for Defendant's depositions of Plaintiff's witnesses; (ii) the March 27, 2023 deadline for Defendant's opposition to Plaintiff's preliminary-injunction motion; (iii) the April 26, 2023 deadline for Plaintiff's depositions of Defendant's witnesses; and (iv) the May 17, 2023 deadline for Plaintiff's reply in further support of its preliminary-injunction motion. The parties are free to agree amongst themselves to change any other deadline in the Schedule above.

**IT IS SO ORDERED**
this ___ day of January, 2023

\* May 30, 2023 - June 1, 2023

_____
The Hon. Jesse M. Furman
United States District Judge, S.D.N.Y.