UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Applied Bolting Technology Products, LLC,<br><br>                         Plaintiff,<br>    v.<br><br><br>TurnaSure LLC,<br><br>                         Defendant. | Civil Action No. 1:22-cv-10506-JMF<br><br>~~[PROPOSED]~~ **STIPULATED<br>PROTECTIVE ORDER** |

JESSE M. FURMAN, United States District Judge:

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is hereby ORDERED that any person subject to this Order — including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery or testimony in this action or providing information and/or materials in connection with settlement negotiations between the parties, and all other interested persons with actual or constructive notice of this Order — shall adhere to the following terms, upon pain of contempt:

1.      Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided or created in the course of discovery or in connection with settlement negotiations between the parties in this action, including but not limited to documentary material, electronically stored information ("ESI"), testimony by deposition and exhibits thereto, declarations or affidavits and exhibits thereto, interrogatory answers, admissions, documents, Notices of Reliance, and other discovery and testimony materials, whether produced informally, as part of mandatory disclosures, as part of the trial

schedule, or in response to interrogatories, requests for admissions, requests for production of documents or other methods of discovery) that is designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Discovery Material to anyone else except as expressly permitted hereunder.

   A. "Confidential" Information

A party or non-party may designate as "CONFIDENTIAL" any document, material, item, testimony, or information that is filed with the Court or produced in discovery in this action or in connection with settlement negotiations between the parties, which has not been disclosed to the public and/or which contains information that is subject to protection under Federal Rule of Civil Procedure 26(c)(1)(G) or under applicable state law.

   B. "Highly Confidential – Attorneys' Eyes Only" Information

A party or non-party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any document, material, item, testimony, or information that is filed with the Court or produced in discovery in this action or in connection with settlement negotiations between the parties, which contains information that is subject to protection under Federal Rule of Civil Procedure 26(c)(1)(G) or under applicable state law as a trade secret, the disclosure of which, to persons other than those described in Section 8 below, the producing person in good faith believes would create a substantial risk of serious harm to the producing person's competitive position that could not be avoided by less restrictive means, including, but not limited to (1) sensitive technical information, including current research, development and manufacturing information; (2) sensitive business information, including highly sensitive financial or marketing information; (3) competitive technical information, including technical analyses or comparisons of competitor's products or services; (4) competitive business information, including non-public financial and

marketing analyses, media scheduling, comparisons of competitor's products or services, and strategic product/service expansion plans; (5) personal health or medical information; (6) an individual's personal credit, banking or other financial information; or (7) any other commercially sensitive information the disclosure of which to non-qualified persons subject to this Order the producing party reasonably and in good faith believes would likely cause harm.

2. With respect to the "Confidential" or "Highly Confidential — Attorneys' Eyes Only" portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by stamping orotherwise clearly marking as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility, and may also produce for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record thata response to a question includes "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter. Alternatively, a producing person may comply with this portion of the Protective Order by designating the entire deposition transcript as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" and then, upon written request from any other party, lowering or removing the level of confidentiality for specific portions of the deposition transcript.

3. If at any time prior to the trial of this action, a producing party or a non-party witness realizes that some portion[s] of Discovery Material that was previously produced without

limitation should be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only", that party or non-party witness may so designate the Discovery Material by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the terms of this Order.

4. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as "Confidential" to any other person whomsoever, except to:

(a) the parties to this action;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant employed by such counsel and assigned to this matter;

(c) any document author or recipient, and any other person indicated on the face of a document as having received a copy;

(d) any non-party witness, who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) any person retained by a party to serve as an expert witness or otherwise to provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form of the exhibit annexed hereto;

(f) stenographers engaged to transcribe depositions conducted in this action; and

(g) the Court and its support personnel.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as "Highly Confidential — Attorneys' Eyes Only" to any other person whomsoever, except to:

(a) counsel retained specifically for this action, including any paralegal, clerical, or other assistant employed by such counsel and assigned to this matter;

(b) any document author or recipient, and any other person indicated on the face of a document as having received a copy;

(c) any person retained by a party to serve as an expert witness or otherwise to provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form of the exhibit annexed hereto;

(d) stenographers engaged to transcribe depositions conducted in this action; and

(e) the Court and its support personnel.

6. Definitions:

(a) **Parties** are defined as including individuals, officers of corporations, partners of partnerships, members of limited liability companies/corporations, and management employees of any type of business organization.

(b) **Counsel** for parties are defined as including outside counsel, including support staff operating under counsel's direction, such as paralegals, legal assistants, secretaries, and any other employees or independent contractors operating under counsel's instruction, and excluding in-house counsel.

(c) **Expert Witness** includes individuals retained by a party for purposes related to prosecution or defense of the proceeding but who are not current or former employees,

officers, members, directors, or partners of any party, affiliates of any party, or the attorneys of any party or its affiliates, or competitors to any party, or employees or consultants of such competitors with respect to the subject matter of the proceeding.

(d)     **Non-Party Witness** includes any individuals to be deposed or who testify during discovery or trial, whether willingly or under subpoena issued by a court of competent jurisdiction over the witness.

7.     Prior to any disclosure of any "Confidential" or "Highly Confidential — Attorneys' Eyes Only "Discovery Material to any person referred to in Section 5(c), such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement and produce it to opposing counsel prior to such person being permitted to testify (at deposition or trial).

8.     All "Confidential" or "Highly Confidential — Attorneys' Eyes Only" Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. Any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the "Confidential" or "Highly Confidential — Attorneys' Eyes Only" Discovery Material itself, and not text that in no material way reveals such Discovery Material.

9.     Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this action

6

serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

10. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only." The Court also retains unfettered discretion whether or not to afford confidential treatment to any "Confidential" or "Highly Confidential — Attorneys' Eyes Only" Document or information contained in any "Confidential" or "Highly Confidential — Attorneys' Eyes Only" Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

11. Each person who has access to Discovery Material that has been designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12. For purposes of this Order, the terms "litigation" and "action" as used herein shall also include the pending Opposition proceeding before the Trademark Trial and Appeal Board, Opposition No. 91264891, between Applied Bolting Technology Products, LLC and TurnaSure LLC. The parties expressly agree that all Discovery Material created or exchanged in connection with Trademark Trial and Appeal Board, Opposition No. 91264891 may be used in connection with this litigation. The parties further agree that all Discovery Material created or exchanged in connection with Trademark Trial and Appeal Board, Opposition No. 91264891 need not be re-produced in connection with this litigation. Any Confidential or Attorneys' Eyes Only

designations given to Discovery Material by the parties in Opposition No. 91264891 shall apply equally in Civil Action No. 1:22-cv-10506-JMF.

13. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of confidentiality, attorney-client privilege, or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of confidentiality, privilege, or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production. The disclosing party retains the burden of establishing the confidential, privileged, and/or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

15. Information may not be designated as subject to any form of protection if it (a) is, or becomes, public knowledge, as shown by publicly available writings, other than through violation of the terms of this Order; (b) is acquired by a non-designating party or non-party witness from a third party lawfully possessing such information and having no obligation to the owner of

the information; (c) was lawfully possessed by a non-designating party or non-party witness prior to the opening of discovery in this proceeding, and for which there is written evidence of the lawful possession; (d) is disclosed by a non-designating party or non-party witness legally compelled to disclose the information; or (e) is disclosed by a non-designating party with the approval of the designating party.

16. This Protective Order shall survive the termination of the litigation. Within thirty (30) days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

17. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

18. This Order shall not preclude the parties or their counsel from making any applicable claims of privilege during discovery or at trial. Nor shall this Order preclude the filing of any motion with the Court for relief from a particular provision of this Order or for additional protections not provided by this Order.

SO STIPULATED AND AGREED.

| | |
|---|---|
| /s/ Jonathan W. Thomas | /s/ Gabriele R. Fougner |
| Jonathan W. Thomas | Gabriele R. Fougner |
| Daniel M. Rosales | Aaron Y. Silverstein |
| Mayer Brown LLP | Jamie E. Sternberg |
| 1221 Avenue of the Americas | (to be admitted pro hac vice) |
| New York, New York 10020 | Saunders & Silverstein LLP |
| Tel.: (212) 506 2226 | 14 Cedar Street, Suite 224 |
| Fax: (212) 262 1910 | Amesbury, MA 01913-1831 |
| jwthomas@mayerbrown.com | 203-653-8253 |
| drosales@mayerbrown.com | asilverstein@sandsip.com |
| | jsternberg@sandsip.com |
| | gfougner@sandsip.com |
| | trademarks@sandsip.com |
| Attorneys for Defendant | Attorneys for Plaintiff |
| TurnaSure LLC | Applied Bolting Technology Products, LLC |
| Dated: 02/02/2023 | Dated: 02/02/2023 |

SO ORDERED.

Dated: February 3, 2023
New York, New York

JESSE M. FURMAN
United States District Judge

This stipulation binds the parties to treat as confidential the documents so classified. The Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." See generally Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. See New York ex rel. Khurana v. Spherion Corp., No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

Further, for avoidance of doubt, this Order applies only in this litigation. That is, the reference to Opposition No. 91264891 in Paragraph 12 notwithstanding, the Order does not govern the parties' conduct in that proceeding - and the Court will not exercise jurisdiction over conduct in that proceeding.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Applied Bolting Technology Products, LLC,<br><br>                  Plaintiff,<br>  v.<br><br>TurnaSure LLC,<br><br>                  Defendant. | Civil Action No. 1:22-cv-10506-JMF<br><br>**NON-DISCLOSUIRE AGREEMENT** |

    I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only." I agree that I will not disclose such Confidential or Highly Confidential — Attorneys' Eyes Only Discovery Material to anyone other than for purposes of this litigation, as permitted by the Protective Order, and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                                                _____